[Civ. No. 11372.   Third Dist.   Feb. 21, 1967.]

VICTOR MARION CIANCANELLI, Plaintiff and Appellant, v. CALIFORNIA STATE BOARD OF CONTROL et al., Defendants and Respondents.

Dahlstrum & Walton, Dahlstrum, Walton & Pitts and Jack A. Dahlstrum for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Willard A. Shank, Assistant Attorney General, and Burton J. Stanley, Deputy Attorney General, for Defendants and Respondents.

REGAN, J.—Petitioner, appellant here, in a single prosecution was convicted of five counts of violation of section 211 of the Penal Code (robbery) arising out of the same transaction. He was sentenced to concurrent terms in the state prison, served approximately two and one-half years imprisonment, and then was granted a full and unconditional pardon on the grounds of innocence of the offenses charged.

Thereafter petitioner filed a timely claim with the State Board of Control seeking indemnification in the amount of $25,000, alleging this sum to be the total of $5,000 for each of the five crimes for which he was convicted. The State Board of Control allowed petitioner the sum of $5,000 in full settlement of his claim, refusing to recommend to the California Legislature that it make an appropriation of $25,000. The board further determined that the extent of pecuniary loss sustained by petitioner was in excess of $5,000.

The superior court denied a petition for writ of mandate, thus sustaining the order of the State Board of Control, and concluded:

"That under the circumstances as presented to this court concerning the erroneous conviction of petitioner, section 4904 of the California Penal Code limits the California State Board of Control in making a recommendation to the Legislature pursuant to that section to the sum of $5,000 and no more; ..."

Petitioner appeals from the judgment of the trial court, contending that but one question is presented, namely:

"On the undisputed facts of appellant's wrongful convictions, does Penal Code section 4904 limit respondents' recommendation to the Legislature to $5,000.00?"

The Attorney General, for respondents, agrees that petitioner has correctly stated the issue and further agrees with petitioner that section 4904, Penal Code, is free from ambiguity or uncertainty and should be enforced as written, and that the remaining sections of the statutory scheme of indemnification (§§ 4900-4906) are also clear and unequivocal in their meaning.

Section 4904 of the Penal Code provides as follows:

"If the evidence shows that the crime with which the claimant was charged was either not committed at all, or, if committed, was not committed by the claimant, and that the claimant did not, by any act or omission either intentionally or negligently, contribute to the bringing about of his arrest or conviction, and that the claimant has sustained pecuniary injury through his erroneous conviction and imprisonment, the Board of Control shall report the facts of the case and its conclusions to the next Legislature of this State, with a recommendation that an appropriation be made by the Legislature for the purpose of indemnifying the claimant for such pecuniary injury; but the amount of the appropriation so recommended shall not exceed in any case, the sum of five thousand dollars ($5,000)."

The California legislation is a special statutory proceeding made available to a claimant who has been convicted of any crime against the state amounting to a felony and who has been imprisoned therefor and who is in fact innocent of the crime for the reason that the crime was either not committed at all or, if committed, was not committed by him. (Pen. Code, §§ 4900-4906.) The claimant must, in addition, prove to the Board of Control that he did not by any act or omission either intentionally or negligently contribute to the bringing about of his arrest or conviction and that he sustained pecuniary injury. (Pen. Code, §§ 4903, 4904.)

The claimant contends that when section 4904 of the Penal Code states "but the amount of the appropriation so recommended shall not exceed *in any case,* the sum of five thousand dollars ($5,000)" (italics ours), we must construe this phrase "in any case" to refer to a wrongful conviction of a single crime; that when there are wrongful convictions for multiple counts in a single trial, each such conviction shall mean and constitute a "case," for which he is entitled to seek the sum of $5,000, notwithstanding that he is serving his terms of imprisonment concurrently as provided by the judgment of the trial court.

We do not agree with this contention. The language of Penal Code section 4904 establishes a maximum limitation on the amount a claimant may recover in any single wrongful prosecution regardless of the number of counts for which he was found guilty and for which he served a term of imprisonment. Our conclusion is the same whether the sentences

imposed for each count are served concurrently or consecutively.

The indemnity authorized by the statute is for the imprisonment suffered and to allow a monetary compensation for the resultant pecuniary injury in each prosecution which later is determined to be wrongful and as a result of which a claimant is convicted and suffers imprisonment. In each wrongful prosecution, conviction and imprisonment the maximum allowed a claimant is the sum of $5,000, regardless of the length of time served in prison. That the maximum sum may not be sufficient to wholly indemnify a claimant for his pecuniary loss is a question to be directed to the California State Legislature and not to the courts.

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 19, 1967. Peters, J., was of the opinion that the petition should be granted.